UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH B. SCHANEVILLE,                    Case No.
_____

       Plaintiff,

vs.

PUBLIX SUPER MARKETS, INC.

       Defendant
_____/

## COMPLAINT

Joseph B. Schaneville sues Publix Super Markets, Inc. and alleges:

## NATURE OF PROCEEDING

1. This is an action for damages under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq. and the Americans with Disabilities Act (ADA), 42 USC § 12101 et seq.

## PARTIES

2. Joseph B. Schaneville is a resident of and domiciled in Madisonville, St. Tammany Parish, Louisiana.

1

3. Publix Super Markets, Inc. ("Publix") is a Florida corporation, with its principal place of business in Lakeland, Florida.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. 1331, as Mr. Schaneville seeks damages pursuant to federal law under the ADEA, 29 U.S.C. § 621. This court also has jurisdiction over this matter under 28 U.S.C. § 1332, due to the diverse citizenship of the Plaintiff and Defendant and because the amount in controversy exceeds $75,000.

5. Venue is proper in this court under 28 U.S.C. § 1391 (b)(1) because a Publix operates several grocery stores in this District and is, therefore, deemed to reside in this District for purposes of venue under 28 U.S.C. § 1391 (c)(2).

## CONDITIONS PRECEDENT

6. Mr. Schaneville filed his charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on April 2, 2019. He was subsequently issued Notice of Right to Sue on August 21, 2020. Mr. Schaneville's claims under the ADEA and ADA are now ripe for judicial relief.

7. Publix is a private employer, operating one of the largest U.S. regional grocery chains throughout the Southeastern United States, and employs approximately 193,000 people. Publix, therefore, qualifies as an "employer" under the Age Discrimination in Employment Act (ADEA) and the Americans with Disabilities Act (ADA).

## FACTUAL ALLEGATIONS

8. Mr. Schaneville is a 63-year-old male who is a licensed and registered Pharmacist within the State of Tennessee.

9. Mr. Schaneville was hired as a pharmacist by Publix in 2009, a position for which he was eminently qualified, having worked as a professional licensed pharmacist since 1983.

10. Mr. Schaneville took great pride in his professionalism, work ethic, and quality of services which he brought to Publix. He planned to work at Publix until retirement.

11. Mr. Schaneville's direct supervisor at Publix was Reginald Gibb, Pharmacy Manager, and his general supervisor was Luis Medina, Pharmacy Supervisor who oversees a particular region of stores.

12. Mr. Medina terminated plaintiff's employment with Publix and issued a notice of termination on October 8, 2018. The reason given

3

for Mr. Schaneville's termination was job performance. This reason was a mere pretext for the actual unlawful reasons for Mr. Schaneville's termination.

13. Mr. Schaneville was 60 years old at the time of his termination, and was able to continue to perform all of his duties at a high level.

14. Publix terminated Mr. Schaneville's employment because of his age, despite the fact that he was well qualified for the position.

15. Mr. Schaneville was replaced by Michael Do, a 27-year-old.

16. In 36 years as a pharmacist Mr. Schaneville has never been disciplined by any board of pharmacy and never received a negative evaluation until Luis Medina became plaintiff's pharmacy supervisor.

17. Mr. Schaneville's objective measures of output improved every year. He was nevertheless terminated despite having superior numbers to his substantially younger pharmacy manager who remains employed as a pharmacist at Publix.

18. Mr. Schaneville completed the same amount of work as other pharmacies in Publix stores with less technician assistance.

19. Pharmacists at Publix are subject to performance evaluations administered by a supervisor. Luis Medina forced Mr. Gibb to change Mr. Schaneville's evaluation scores completed by Mr. Gibb, the pharmacy manager.

20. Luis Medina also attempted to lower the evaluation scores given to plaintiff by two former pharmacy managers: Chipta Aneran, Jacqueline Bradley, and Daniel Toombs. Mr. Anerin refused to allow Mr. Medina to lower the scores and Ms. Bradley submitted her evaluation directly to corporate so that Mr. Medina could not change the scores she gave Mr. Schaneville. Mr. Medina forced Mr. Toombs to change an evaluation he gave to Mr. Schaneville so that his overall score went from "exceeding expectations" to merely "meets expectations."

21. Luis Medina gave preferential treatment to younger pharmacists, including with regards to store transfers and better workplace conditions.

22. Mr. Schaneville was provided no severance pay after Publix terminated his employment.

23. Mr. Schaneville left Publix with 44 unused sick days.

24. In October 2015, while employed by Publix, Mr. Schaneville was diagnosed with plantar fasciitis and was prescribed by a physician with special orthopedic shoes for the treatment of his condition. Mr. Medina, however, did not permit Mr. Schaneville's use of the prescribed shoes because they were not the appropriate color under store policy and refused to make any reasonable accommodation.

25. Mr. Medina's refusal to allow Mr. Schaneville to use the prescribed shoes exacerbated his plantar fasciitis and accompanying symptoms.

26. In August of 2018, while still employed with Publix, Mr. Schaneville's plantar fasciitis worsened, and he was prescribed an aircast by an orthopedist.

27. Mr. Medina intentionally and maliciously refused plaintiff's requests for reasonable accommodations regarding his disability, and forced plaintiff to work at a pharmacy location that required him to climb a six-foot ladder while wearing the prescribed air cast. Mr. Schaneville, nevertheless, performed his job for Publix satisfactorily while wearing the aircast despite the hazard to his safety and the severe physical discomfort it caused him.

28. Other pharmacies that plaintiff could have reasonably been transferred to, or assigned to work at on a temporary basis, did not require the use of a six-foot ladder. Alternatively, Publix could have temporarily assigned a pharmacy technician to Mr. Schaneville's location who could have safely climbed the ladder in his place. Publix, however, prioritized cutting back on the use of pharmacy technicians and did not assign one to work at plaintiff's location.

29. Publix could have made reasonable accommodations for Mr. Schaneville's plantar faciitis without suffering undue hardship.

30. Publix's failure to provide reasonable accommodations pursuant to ADA requirements caused Mr. Schaneville to suffer emotional anguish and physical pain.

## FIRST COUNT

**Discriminatory Termination Based on Age in Violation of the
Age Discrimination in Employment Act
29 U.S.C. 12201 *et seq*.**

31. Mr. Schaneville incorporates the preceding paragraphs by reference.

32. Mr. Schaneville was terminated from his position because of his age, in violation of the ADEA.

7

33. Publix's discrimination against Mr. Schaneville because of his age was willful, in that Publix knew the termination of Mr. Schaneville under the circumstances was a violation of his legal rights, or alternatively, Publix acted with reckless disregard as to whether the termination was a violation of his legal rights.

34. When Mr. Schaneville was terminated by Publix, he was 60 years old, was performing his job satisfactorily, was well qualified for the position, and was replaced by a 27-year-old who was equally or less qualified.

35. Publix claims that it terminated Mr. Schaneville's employment due to his performance. This claim, however, is a mere pretext for the actual unlawful reason for firing Mr. Schaneville.

36. Publix's wrongful termination of Mr. Schaneville because of his age has caused him a continued loss of salary, benefits, seniority, and the career to which he devoted nearly his entire working life.  He has also suffered considerable humiliation, embarrassment, and severe emotional distress.

## SECOND COUNT

### Failure to Reasonably Accommodate in Violation of the Americans with Disabilities Act
### 42 USC § 12101 et seq.

37. Mr. Schaneville incorporates the preceding paragraphs by reference.

38. Mr. Schaneville developed a medical condition that was a disability under the ADA.

39. Publix failed to provide reasonable accommodations for Mr. Schaneville's disability under the ADA, (42 USC § 12112(b)(5)(A); 29 CFR § 1630.9 & Pt. 1630, App. § 1630.9).

40. Providing reasonable accommodations for Mr. Schaneville's disability would not have caused Publix any undue hardship.

41. Publix intentionally violated the ADA and acted with malice or reckless indifference to plaintiff's federally protected rights in violation of 42 USC § 1981a(b)(1).

42. As a result of Publix's willful violations plaintiff suffered mental anguish and physical pain and is entitled to damages under 42 USC § 1981a(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests that this Court:

1. Accept jurisdiction over this matter;

2. Order the Defendants to compensate the plaintiff for his past and future loss of wages and benefits, plus interest;

3. Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

4. Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for liquidated damages.

5. Enter judgment in favor of the plaintiff for such amount as may be awarded by a jury for punitive damages.

6. Award to the plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

7. Grant such additional or alternative relief as may appear to this Court to be just and equitable.

## JURY DEMAND

Plaintiff respectfully requests trial by jury.

Dated: October 22, 2020

                Respectfully submitted,

                JONES FUSSELL, L.L.P.


                By:  /s/ John R. Walker
                John R. Walker (LA #2165)
                Andrew J. Walker (LA #39056)
                P.O. Box 1810
                Covington, LA  70434
                Telephone:  985-246-7808
                Facsimile:  985-235-432
                E-mail:  awalker@jonesfussell.com
                ***Attorney for Joseph B. Schaneville***